UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO VILLANUEVA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01309 –JLT (PC)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docs. 1) |

Plaintiff Alejandro Villanueva ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this matter on August 19, 2013. (Doc. 1). As required by 28 U.S.C. § 1915A, the Court presently screens the complaint, and, for the reasons set forth below, **DISMISSES** the complaint with leave to amend.

I.     **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

1

## II. PLEADING STANDARDS

### A. Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  FACTUAL ALLEGATIONS

Though the complaint is concise, Plaintiff's complaint lacks any statement of facts. Rather, Plaintiff sets forth nothing more than conclusory allegations in his complaint. Furthermore, he fails to identify all of the individuals he wishes to name as Defendants. He names, Wasco State Prison ("WSP"), the California Department of Corrections and Rehabilitation ("CDCR"), and "medical staff et al" without providing any names of or indication of how many medical personnel he wished to join to this matter. Nonetheless, the complaint is best summarized as follows:

Plaintiff's cause of action arose while he was incarcerated at WSP located in Wasco, California. (Doc. 1 at 3). Plaintiff alleges that he "slipped and fell" on an undisclosed date outside of WSP's showering facilities. Id. Plaintiff sustained undisclosed injuries to his leg and hip. Id. Unnamed doctors or medical providers treated him "for a few months" and then somehow denied his medical treatment. Id.

### IV.  DISCUSSION AND ANALYSIS

#### A.  Eleventh Amendment bar suits Wasco State Prison

Plaintiff names WSP and the CDCR as defendants in this matter. (Doc. 1 at 2). The Eleventh Amendment serves as a jurisdiction bar to suits brought by private parties against a state or state agency, unless the state consents to the suit. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotations omitted). Neither WSP nor the CDCR consented to suit in this matter. Therefore, the Court **DISMISSES** the complaint as to WSP and the CDCR.

///

///

///

///

**B. Eighth Amendment**

Next, Plaintiff appears to sue medical doctors or medical staff.[1] To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff fails to set forth facts to support that he had a serious medical condition. He indicates that his hip and thigh were "permanently damaged" in his fall, (Doc. 1 at 3), but provides no indication that this condition somehow interfered with his daily life or caused chronic pain. McGuckin, 974 F.2d

---

[1] The Court presumes that the unnamed medical staff or medical doctors were employed by WSP or the CDCR. However, Plaintiff must indicate whether these individuals were state employees or were private doctors in his first amended complaint.

at 1059-60. In addition, the complaint lacks any reference to an individual who knowingly acted with deliberate indifference toward the Plaintiff. Thus, Plaintiff fails to state a claim of inadequate medical care in violation of the Eighth Amendment. Therefore, the Court **DISMISSES** the claim.

### C. California Tort Claims Act

Finally, Plaintiff appears to allege California tort claims of personal injury and medical malpractice. However, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id. Given that Plaintiff provides no mention of the CTCA in his complaint, the Court has no jurisdiction to consider the substantive merits of his California claim. Therefore, the California tort claims are **DISMISSED.**

## V. LEAVE TO AMEND

The Court will provide Plaintiff a _final_ opportunity to amend his pleading to cure the deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted in this Order. Plaintiff is advised that his failure to do so will result in an order dismissing this action**.

In addition, Plaintiff is cautioned that in his first amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local

Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's first amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). Therefore, **<u>Plaintiff's first amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages</u>**.

**ORDER**

For the reasons stated above, the Court **HEREBY ORDERS** that:

1.  The complaint (Doc. 1) is **DISMISSED;**

2.  Plaintiff is **GRANTED** 21 days from the date of service of this Order, to file a first amended complaint that addresses the deficiencies set forth in this Order.  The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  The First Amended Complaint **<u>SHALL not exceed 20 pages</u>**;

3.  The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4.  **<u>Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.</u>**

IT IS SO ORDERED.

Dated:   **August 27, 2013**                    **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE