UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO VILLANUEVA, | Case No.: 1:13-cv-01309 –JLT (PC) |
| Plaintiff, | **ORDER DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| CALIIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al., | (Docs. 7) |
| | **ORDER DIRECTING THE CLERK TO CLOSE THIS MATTER** |
| Defendants. | |

Plaintiff Alejandro Villanueva ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the Magistrate Judge on August 26, 2013. (Doc. 5). As required by 28 U.S.C. § 1915A, the Court presently screens the first amended complaint, (Doc. 7), and, for the reasons set forth below, **DISMISSES** the complaint **without leave to amend**.

I.   **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds *in forma pauperis* if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

1

## II. PLEADING STANDARDS

### A. Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  FACTUAL ALLEGATIONS

Plaintiff's cause of action arose while he was incarcerated at WSP located in Wasco, California. (Doc. 7 at 4). Plaintiff alleges that in 2007, he stepped into a puddle and fell onto his hip and backside outside of WSP's showering facilities. Id. Plaintiff sustained undisclosed injuries to his leg and hip. Id.

Since that time, Plaintiff has not received consistent care for his severe pain, mobility impairments, and trouble sleeping. (Doc. 7 at 4). Plaintiff avers that all the medical personnel within the CDCR and WSP have denied him proper treatment and accommodations. Id.

### IV.  DISCUSSION AND ANALYSIS

#### A.  Eleventh Amendment bar suits against WSP and the CDCR

Plaintiff again names WSP and the CDCR as defendants in this matter. (Doc. 7 at 2). The Eleventh Amendment serves as a jurisdiction bar to suits brought by private parties against a state or state agency, unless the state consents to the suit. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotations omitted). Neither WSP nor the CDCR consented to suit in this matter. Therefore, the Court **DISMISSES** the claim.

#### B.  Eighth Amendment

Next, Plaintiff sues all the nurses, doctors, and physical therapists who were employed by WSP and the CDCR. To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant

injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff's allegation that he experiences severe pain, has trouble sleeping, and has mobility problems demonstrates a serious medical condition.  Though he avers that he has not received adequate medical care, he *again* fails to reference any individual – other than *all* the medical personnel within WSP and the CDCR – who knowingly acted with deliberate indifference toward the Plaintiff. Moreover, Plaintiff fails to explain exactly what he considers proper treatment, medications, or accommodations. Without facts to suggest otherwise, Plaintiff pleads a claim of negligence at best.

In the previous order dismissing the complaint, the Court discussed at length the legal standards *required* for Plaintiff to state a cognizable claim of failure to provide adequate medical care. *See* (Doc. 6).  Plaintiff again fails to set forth a cognizable claim.  As such, the Court finds that additional leave to amend would be futile.  Therefore, the Court **DISMISSES** the claim.

### C. California Tort Claims Act

Finally, Plaintiff appears to again allege California tort claims of personal injury and medical malpractice.  However, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state

Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  In pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id.  Given that Plaintiff provides no mention of the CTCA in his complaint, the Court has no jurisdiction to consider the substantive merits of his California claim. Therefore, the California tort claims are **DISMISSED.**

### ORDER

Accordingly, and for the foregoing reasons, it is HEREBY ORDERED that:

1. The Complaint is **DISMISSED without leave to amend**; and
2. The Clerk of the Court is **DIRECTED** to **CLOSE** this matter.

IT IS SO ORDERED.

Dated:   **September 24, 2013**                        /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE